**QING ZHANG, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72510

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 22, 2016

Thomas J. Tarigo, Esquire, Attorney, Law Offices of Thomas J. Tarigo, Los Angeles, CA, for Petitioner.

Manuel Palau, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, for San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Qing Zhang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

The agency found Zhang inconsistent as to his employment in China, and found his testimony evasive. Substantial evidence supports the agency's adverse credibility determination based on these findings. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Zhang's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Zhang's CAT claim also fails because it is based on the same testimony the agency found not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.